Dear Ms. McManus:
You requested the opinion of this office concerning whether the millage levied by the Town of Montgomery was within the legal limits.
You advised that you are presently collecting 11.62 mills on the general fund, 8.08 mills on the sewer maintenance and 6.00 mills on the sewer bonds.
From the information supplied, it is impossible to determine whether the amount being levied is in accordance with law.
It must be assumed that the 6.00 mills levied for the sewer bonds is either a general obligation millage which fluctuates with the debt service on the bonds or was a specific millage voted on by the people which millage secures the bonds. Likewise, it is assumed that the electors of the town voted for a millage for the operation and maintenance of the sewer. This millage would, of course, be subject to the rollback and roll forward provisions of Article VII, Section 23 of the Louisiana Constitution. I would suggest that you contact the Legislative Auditor if you are concerned whether you have rolled back or forward, properly. It is the undersigned's understanding that the Legislative Auditor reviews the roll-back and roll-forward calculations.
As to the millage for the general fund, I have assumed that what is being referred to is the general alimony tax. Article VI, Section 27(A) of the Louisiana Constitution authorizes the governing authority of a municipality to levy an ad valorem tax for general purposes not to exceed 7.00 mills on the dollar of assessed valuation. The millage rate may be increased if the voters of the municipality improve the increase. This millage is also subject to the roll-back and roll-forward provisions of Article VII, Section 23.
Without knowing if the voters approved an increase in the general alimony millage, this office cannot give you any assurance that the millage being levied in the Town of Montgomery is in accordance with law.
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: MARTHA S. HESS Assistant Attorney General